PER CURIAM:
Cuyahoga Exploration & Development Company brought this action to recover $50,000.00 which represents the amount of a performance bond forfeited by the respondent, the Division of *12 Environmental Protection. Cuyahoga alleges that the Court of Claims is the only forum for it to recover monies taken from it by the respondent, even though the forfeiture was based upon an Order entered by the respondent.
Respondent contends that the Court of Claims lacks jurisdiction over this claim as Cuyahoga had a remedy at law available to it to contest the forfeiture action as Cuyahoga could have pursed an action in circuit court in accordance with the provisions of the State Administrative Procedures Act.
A hearing upon respondent's Motion to Dismiss was held by the Court at which time the following facts were established. Cuyahoga is a company involved in oil and gas production, and, in the course of its operations, it drilled certain oil and gas wells in Pleasants and Wood Counties. In 1986 inspectors for the respondent wrote several violations against these wells. Three years passed while the parties attempted to resolve these violations. Cuyahoga received notice from respondent in 1989 to take curative action to resolve the violations, but Cuyahoga was of the opinion that there would be ongoing discussions. It then received notification that the thirty day appeal period had passed and on June 6, 1989, an Order was entered by respondent to forfeit the performance bond which Cuyahoga had provided for its drilling operations. Cuyahoga contends that it was not granted an opportunity to have an evidentiary hearing prior to the forfeiture of the bond. Further, Cuyahoga contends that the forfeiture represents a windfall to the State of West Virginia.
Respondent asserts that the forfeiture represents punitive action taken by respondent for Cuyahoga’s failure to comply with the Order. The Order stated that there was a thirty day appeal period, and therefore, no hearing was necessary. The State of Administrative Procedures Act provided a forum to Cuyahoga and it did not seek redress in accordance with the provisions of that Act. See WV Code 29A-5-4a.
The Court has reviewed the facts and the arguments of counsel at the hearing of the Motion to Dismiss and has determined that although Cuyahoga may have a meritorious claim against the State of West Virginia which may be a moral obligation of the State, this Court does not have jurisdiction over the subject matter of the claim. WV Code 14-2-14 provides that, "The jurisdiction of the court shall not extend to any claim: (5) With respect to which a proceeding may be maintained against the state, by or on behalf of the claimant in the courts of the state." Cuyahoga had the opportunity to follow the agency guidelines or to proceed in circuit court against the respondent as provided in the State Administrative Procedures Act.
Accordingly, the Court sustains respondent's Motion to Dismiss and Orders the claim dismissed.
Claim dismissed.